UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID V. ADLER**                                                                  **CIVIL ACTION**

**VERSUS**                                                                                **No. 13-5521**

**DJ ROBINSON CONSTRUCTION INC. ET AL.**                          **SECTION I**

**ORDER AND REASONS**

Before the Court is a motion[1] filed by defendant, DJ Robinson Construction Inc., to withdraw the reference of the above-captioned adversary matter to the U.S. Bankruptcy Court for the Eastern District of Louisiana. Defendant also requests that the Court abstain from exercising jurisdiction over this matter after it has withdrawn the reference. The plaintiff and chapter 7 Trustee, David V. Adler ("Trustee"), has filed an opposition[2] to the motion. In the opposition, the Trustee agrees that the reference should be withdrawn, but he argues that the Court should refuse to abstain from hearing the matter.

After the motion to withdraw the reference was taken under advisement by the Court, the Trustee filed a consent motion to resolve the pending motion to withdraw the reference.[3] For the following reasons, the original motion and the consent motion are **DENIED**.

---

[1] R. Doc. No. 1.

[2] R. Doc. No. 3.

[3] R. Doc. No. 4. As stated in the motion, "Subject to approval by this Court, the Trustee has agreed to the withdrawal of the reference from the Bankruptcy Court (so that the Adversary Proceeding will be heard by this Court), and the Defendant has agreed to withdraw its request to have the Court permissively abstain from hearing the Adversary Proceeding." *Id.* at 2.

## BACKGROUND

In May 2008, defendant was acting as the general contractor on the "Veolia North America Project" when it engaged the debtor in the underlying bankruptcy proceeding, Able Machine Works, Inc. ("Debtor"), as a subcontractor.[4] Debtor allegedly performed all work in a satisfactory manner, but it was never paid the $15,000 it was owed under the subcontract, even though defendant was paid in full under the general contract.[5]

The Trustee has filed this action against defendant for breach of the contract and turnover of estate property pursuant to 11 U.S.C. § 542.[6] Defendant denied most of the complaint's allegations, pled a number of defenses (including a set-off claim in which it argues that it is entitled to a set off for any debts owed), and requested a jury trial.[7]

## LAW AND ANALYSIS

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "A civil proceeding is related to a Title 11 case if the action's outcome could conceivably have any effect

---

[4] R. Doc. No. 3, at 8.

[5] *Id.* at 9. The related bankruptcy petition, No. 12-13755, was filed on December 20, 2012 pursuant to chapter 7 of the Bankruptcy Code. Bankr. Pet. No. 12-13755, R. Doc. No. 1, at 1. Debtor listed total liabilities of $523,572.26. *Id.* at 4. Debtor also listed in the petition several assets of unknown or uncertain value, including $45,704.87 worth of accounts receivable, $15,000 of which is allegedly owed by defendant. *Id.* at 12-13.

[6] R. Doc. No. 3, at 8-9. The turnover statute states, "[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

[7] *See* R. Doc. No. 1-4, at 3-4. In its answer to the adversary complaint, defendant's "fifth defense" is that it "avers that it is entitled to a set off for any monies owed to Debtor." *Id.* at 4. Defendant clarifies that it "intends to assert counterclaims and claims for setoff [which will] involve a separate project." R. Doc. No. 1, at 6. The presence and nature of a set-off claim is irrelevant to the disposition of the instant motion.

on the estate being administered in bankruptcy." *S. La. Ethanol, LLC v. Agrico Sales, Inc.*, No. 11-1084, 2012 WL 174646, at *1 (E.D. La. Jan. 20, 2012) (Zainey, J.) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). "This grant of jurisdiction was intended to be broad in scope so as [to] give federal courts the power to adjudicate all matters having an effect on the bankruptcy." *Id.* (citing *In re Wood*, 825 F.2d at 92).[8]

Local Rule 83.4.1 states, "All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district." However, under appropriate circumstances, the automatic transfer can be withdrawn by this Court pursuant to 28 U.S.C. § 157(d), which provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(emphasis added). Neither party argues that mandatory withdrawal is appropriate. Accordingly, the Court will consider only the discretionary withdrawal permitted by the first sentence of § 157(d).

Even though both parties agree that the reference should be withdrawn, the Court must satisfy itself that the exercise of its discretion to withdraw this matter is appropriate. Pursuant to § 157(d), the Court may only withdraw the matter "for cause shown," and "[a]lthough the statute

---

[8] But for the bankruptcy proceeding, this Court would have no jurisdiction over the contract dispute at issue here. R. Doc. No. 1, at 8 ("Moreover, this dispute between [Debtor] and [defendant] is not an action that stems from claims under the Constitution, laws or treaties of the United States. Thus, there is no federal-question to be determined by the district court. Likewise, as both [Debtor] and [defendant] are residents of Louisiana, there is no diversity jurisdiction. Furthermore, the amount in controversy is not in excess of $75,000.00."). In its memorandum, the Trustee does not dispute that the Court would not have jurisdiction over this action if not for the bankruptcy proceeding.

does not define 'cause shown,' the Fifth Circuit has explained that the decision 'must be based on a sound, articulated foundation.'" *City Bank v. Compass Bank*, No. 11-372, 2011 WL 5442092, at *3 (W.D. Tex. Nov. 9, 2011) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)). "The Fifth Circuit has held that in determining whether to withdraw the reference for cause shown, district courts should consider whether the matter at issue is a core or a non-core proceeding." *In re The Babcock & Wilcox Co.*, No. 01-1187, 2001 WL 1018366, at *3 (E.D. La. July 2, 2001) (Vance, J.). Courts should also consider whether there has been a jury demand and whether withdrawal would promote uniform bankruptcy administration, reduce forum shopping and confusion, be an economical use of the parties' resources, and expedite the bankruptcy process. *Id.*; *see also Holland Am.*, 777 F.2d at 999.

Defendant urges that "the pre-petition contract issues and torts are not core proceedings."[9] Although the definition of a "non-core proceeding" is not provided by statute, the U.S. Court of Appeals for the Fifth Circuit has stated:

> [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and, accordingly, is a non-core proceeding. The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.

*In re Wood*, 825 F.2d at 97 (footnote omitted). The above-captioned adversary matter is essentially a breach of contract claim under Louisiana state law, but this Court need not decide now whether this action is a core or a non-core proceeding.[10]

---

[9] R. Doc. No. 1, at 5. Defendant mentions not only "torts" but also "negligence claims" and "detrimental reliance claims" in its brief. R. Doc. No. 1, at 5, 8. However, the Court notes that the Trustee's complaint in this adversary matter alleges only two causes of action: "Breach of Contract" and "Turnover Under 11 U.S.C. § 542." R. Doc. No. 3, at 8-10.

"[S]ome of these proceedings could be resolved by the Bankruptcy Court on legal issues or on undisputed facts that, even if non-core, this Court can review *de novo*." *In re OCA, Inc.*, No. 06-3811, 2006 WL 4029578, at *4 (E.D. La. Sept. 19, 2006) (Vance, J.).[11] Accordingly, "regardless of whether [this] contract dispute[] in isolation could be considered non-core, at this stage of the proceeding, it is premature to find that this factor favors withdrawal of the reference." *Id.*

Both parties also argue that withdrawal of the reference is warranted because defendant has requested a jury in this matter. "Bankruptcy courts in this district are not authorized to conduct jury trials. Generally, the inability of a bankruptcy court to hold a jury trial in a related matter is a ground for a district court to withdraw the reference from a bankruptcy court." *In re Babcock*, 2001 WL 1018366, at *4. However, "the existence of a jury demand does not mandate *immediate* withdrawal of the reference" because "it may better serve judicial economy . . . for the

---

[10] The bankruptcy court has greater familiarity with both this case and bankruptcy law generally. If and when this Court does make a ruling on the issue, it will benefit from the bankruptcy judge's opinion about the core versus non-core determination, subject to this Court's review. *See* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.").

[11] As stated in *South Louisiana Ethanol*:
> Pursuant to § 157(b)(1), bankruptcy judges may hear and determine (and enter appropriate orders and judgments) on referral all cases under Title 11 and core proceedings arising under Title 11 or arising in a case under Title 11. With respect to non-core proceedings that are merely related to a case under Title 11, the bankruptcy judge can hear the matter but cannot enter final orders or judgments. *Id.* § 157(c)(1). Instead, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for consideration and a timely objection to the proposed findings will trigger de novo review. *Id.* The district court then enters a final order or judgment. *Id.*

2012 WL 174646, at *1; *see also Inter-Urban Broadcasting of Cincinnati, Inc. v. Lewis*, No. 94-3126, 1994 WL 774050, at *2 (E.D. La. Mar. 14, 1995) (Carr, J.) ("Whether there are non-core matters in this proceeding is for the determination of the bankruptcy judge, 28 U.S.C. § 157([b])(3), who may hear the entire matter, determine the core matters, § 157(a)–(b)(2), and submit proposed findings and conclusions to the Court on any non-core matters, § 157(c)(1).").

bankruptcy court to resolve pre-trial matters." *In re OCA*, 2006 WL 4029578, at *5 (emphasis added). Furthermore, "[a] number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time [as] it is determined that a jury trial must be conducted." *Id.*; *see also S. La. Ethanol*, 2012 WL 174646, at *3 ("Should trial by jury become an issue then the reference can be withdrawn once the case is ready for trial."); *City Bank*, 2011 WL 5442092, at *4 ("[I]mmediate withdrawal is not required—the district court has discretion to allow the bankruptcy court to manage the pretrial proceedings."); *Official Comm. of Unsecured Creditors of Enron Corp. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 27 (S.D.N.Y. 2003) ("The case law is clear that a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.") (internal quotation marks omitted).

At this early stage of the adversary proceeding, the Court is unable to determine with any reasonable certainty whether a jury trial *must* be conducted. The litigation has barely moved past the pleading stage, and the parties apparently have yet to meet with the bankruptcy judge for a status or pretrial conference. Accordingly, the motion to withdraw the reference cannot be granted solely on the ground that a jury has been requested.

Furthermore, the remaining considerations do not warrant a withdrawal of the reference. Uniform bankruptcy administration would likely be promoted if the development of this matter, which relates to a fairly large portion of the potentially recoverable assets, proceeded under the guidance of the bankruptcy judge. There are no indications that forum shopping is a concern. Maintaining parallel proceedings in this matter, which "seeks to enforce contract[] rights of the Debtor, seeks to recover assets for the benefit of creditors, and seeks turnover of estate property,"[12] would neither be an economical use of the parties' resources nor expedite the

---

[12] R. Doc. No. 3, at 3.

bankruptcy process. Additional developments during the bankruptcy proceeding could lead to a settlement of this dispute without the Court's involvement. Indeed, allowing the bankruptcy court time "to function much like [a] magistrate[] to the district court on matters that are merely 'related to' a bankruptcy" could considerably expedite the litigation.[13] *Holland Am.*, 777 F.2d at 999.

Because the reference of the above-captioned adversary matter to the bankruptcy court remains in effect, the Court need not address the abstention issue. Nothing in this order shall be construed as a comment on whether abstention would be appropriate.

## CONCLUSION

For the foregoing reasons, the Court declines to withdraw the matter from the bankruptcy court at this time. A pretrial conference is scheduled before Chief U.S. Bankruptcy Judge Magner on October 28, 2013,[14] and the Court anticipates that the parties and Judge Magner may be able to materially advance this proceeding before and during that conference. If a jury trial becomes necessary in the future, the Court is confident that further development by the bankruptcy court will aid it in reaching a fair and just conclusion. Accordingly,

---

[13] Defendants assert: "Maintenance of the adversary proceeding will only serve to delay the bankruptcy process. [Defendant] intends to assert counterclaims and claims for setoff [which will] involve a separate project and will complicate and expand the scope of discovery." R. Doc. No. 1, at 6.

The Court fails to see how a parallel proceeding in this adversary matter, which is clearly intertwined with other matters that are relevant to the bankruptcy proceeding, would speed the resolution of the bankruptcy. Allowing the bankruptcy court to supervise all pretrial and discovery matters could prevent the duplication of efforts that would result from maintaining separate but closely related proceedings. Furthermore, this Court would certainly benefit from the bankruptcy court's expertise in developing this matter for trial.

[14] Bankr. Adversary Proceeding No. 13-1048, R. Doc. No. 12.

**IT IS ORDERED** that the motion to withdraw the reference and the consent motion are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to withdraw the reference, insofar as it also requests this Court to abstain from exercising jurisdiction over the matter, is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, October 1, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE